# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MARCH 1997 SESSION

| | | |
|---|---|---|
| JAMES LEROY JACKSON, | * | C.C.A. # 02C01-9605-CC-00180 |
| Appellant, | * | HARDIN COUNTY |
| VS. | * | Hon. Julian P. Guinn, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

James Leroy Jackson
Pro Se
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN  38041-1000

For Appellee:

Charles W. Burson
Attorney General & Reporter

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

John Overton
Asst. District Attorney General
Main Street
Savannah, TN  38372

OPINION FILED:_____


AFFIRMED


PER CURIAM

## OPINION

The petitioner, James Leroy Jackson, appeals the trial court's denial of his petition for post-conviction relief. The issue presented for review is whether the trial court correctly dismissed the petition without an evidentiary hearing on the basis that it was barred by the statute of limitations. We affirm the judgment of the trial court.

The petitioner pled guilty in 1988 to armed robbery, first degree burglary, and two counts of aggravated assault; the effective sentence imposed was Range II, fifty years. The petitioner appealed the sentence to our court and our court affirmed. State v. James Leroy Jackson, No. 10 (Tenn. Crim. App., at Jackson, Sept. 13, 1989). Our supreme court denied review on November 27, 1989.

This petition for post-conviction relief was filed on November 28, 1995. It alleges that the petitioner's guilty pleas were not knowing and voluntary, that the petitioner received ineffective assistance of counsel, and that the petitioner's sentence is illegal for not following statutory guidelines. The trial court dismissed the petition as being time barred. On appeal, the petitioner argues first, that the trial court erred in not appointing an attorney to file an amended petition, and secondly, that the district attorney and trial judge both failed to comply with the duties imposed upon them pursuant to the Post-Conviction Procedure Act of 1995. We need not address these contentions because it is obvious this petition is barred by the statute of limitations.

2

Effective May 10, 1995, the new Post-Conviction Procedure Act replaced the prior act in its entirety. See 1995 Tenn. Pub. Act 207, §§ 1 and 3. Because this petition was filed in November of 1995, the most recent legislation replaced a three-year with a one-year limitation:

> (a) ...[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason....
>
> (b) No court shall have jurisdiction to consider a petition filed after such time unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-202 (Supp. 1996).

Because the conviction in this case became final in 1989, this petition appears to have been barred not only by the current one-year statute of limitations but also the former three-year statute. Moreover, the grounds raised do not appear

to fall within any of the exceptions set out in Tenn. Code Ann. § 40-30-202(b)(1), (2), or (3) (Supp. 1996). We also note that the propriety of the petitioner's sentence has been previously determined by our court on his direct appeal. See Tenn. Code Ann. § 40-30-206 (h) (Supp. 1996) ("[a] ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing").

In Arnold Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., at Knoxville, July 11, 1996), appeal granted, (Tenn., Dec. 2, 1996), a panel of this court, by a two-to-one margin, ruled that the literal terms of the new statute created a one-year window, starting on May 10, 1995, during which post-conviction petitions may be filed, notwithstanding the date of the judgment:

> This act shall take effect upon becoming a law, the public welfare requiring it and shall govern all petitions for post-conviction relief filed after this date, and any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act. Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act.

1995 Tenn. Pub. Act 207, § 3 (emphasis added).

This majority found no ambiguities in the terminology of the statute despite the reasonable argument by the dissent to the contrary. In Carter, our supreme court granted the state's application for permission to appeal. While no decision has yet been filed, other panels of this court have adopted the dissenting view in Carter and have held that the new act did not create a new one-year filing period. See, e.g., Ronald Albert Brummitt v. State, No. 03C01-9512-CC-00415 (Tenn. Crim. App., at Knoxville, Mar. 11, 1997); Jimmy Earl Lofton v. State, No. 02C01-9603-CR-00073 (Tenn. Crim. App., at Jackson, Mar. 7, 1997); Roy Barnett v. State, No. 03C01-9512-CV-00394 (Tenn. Crim. App., at Knoxville, Feb. 20, 1997);

4

Stephen Koprowski v. State, No. 03C01-9511-CC-00365 (Tenn. Crim. App., at Knoxville, Jan. 28, 1997); Johnny L. Butler v. State, No. 02C01-9509-CR-00289 (Tenn. Crim. App., at Jackson, Dec. 2, 1996).  A majority of this panel now adheres to the holding in these subsequent cases.  Thus, this claim is barred by the statute of limitations.

The judgment is affirmed.

PER CURIAM

Joe B. Jones, Presiding Judge
Gary R. Wade, Judge
Curwood Witt, Judge